UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

GREG PRICE,

      Plaintiff,

v.

PBG HOURLY PENSION PLAN and
BOTTLING GROUP, LLC, a foreign
limited liability company, Jointly and
Severally as

      Defendants.
_____/

Case No. 12-
Hon. Thomas L. Ludington

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
_____/

**COMPLAINT, DEMAND FOR TRIAL BY JURY
& DEMAND FOR PRE-TRIAL CONFERENCE**

      NOW COMES Plaintiff, GREG PRICE, by and through his attorneys, THE

MASTROMARCO FIRM, and hereby complains against Defendant, stating as follows:

**COMMON ALLEGATIONS**

      1.      That Plaintiff is a resident of the County of Saginaw, State of Michigan.

      2.      That Defendant, BOTTLING GROUP, LLC, is a foreign limited liability

company authorized to conduct business in Michigan and the Plan Sponsor for the Pepsi

Bottling Group Hourly Pension Plan.

3.      That Defendant PBG HOURLY PENSION PLAN is an employee benefit plan as defined by the Employee Retirement Income Security Act, 29 U.S.C. § 1002(3), and is sponsored by Defendant BOTTLING GROUP, LLC.

4.      That this Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), 29 U.S.C. § 1132(e)(1), and 29 U.S.C. § 185(a).

5.      That on or about April 8, 1993, Defendant BOTTLING GROUP, LLC hired Plaintiff.

6.      That subsequent to his hire, Plaintiff became a member of the Teamsters Local No. 486.

7.      That Plaintiff's employment relationship with Defendant BOTTLING GROUP, LLC, was governed by the collective bargaining agreement entered into by Defendant BOTTLING GROUP, LLC (d/b/a The Pepsi Bottling Group, Inc.) and Teamsters Local No. 486.

8.      That in April of 2005, Plaintiff suffered a career-ending injury to his back while at work.

9.      That at the time of Plaintiff's injury, Plaintiff had completed over ten (10) years of service with Defendant BOTTLING GROUP, LLC.

10.     That on or about August 2, 2005, Plaintiff filed a claim for disability benefits with the Social Security Administration.

11.     That the Social Security Administration subsequently found Plaintiff disabled and entitled to monthly disability benefits beginning in June 2007 with an onset

2

date of December 24, 2006.

12.    That Plaintiff applied for and received disability benefits from June 27,

2007 through December 1, 2007.

13.    That pursuant to Defendants' summary plan description:

> The eligibility of employees represented by a union for the benefits
> described in this book is subject to negotiation between PBG and the
> applicable union.

(Exhibit A – PBG Hourly Pension Plan Retirement Benefits Book 2009 at 29).

14.    That through the collective bargaining agreement between Defendant

BOTTLING GROUP, LLC and Teamsters Local No. 486, Defendants promised and

agreed to execute the legal text of its pension plan in a manner that is consistent with the

provisions describing the benefits within the collective bargaining agreement.

15.    That the agreement specifically states:

> It is understood and agreed that the Employer has the sole and exclusive
> right to amend its present pension plan and execute the legal text of such
> plan without question by the Union, so that such text is consistent with
> those provisions outlined above.

(Exhibit B – Collective Bargaining Agreement between The Pepsi Bottling Group,

Inc. Saginaw, Michigan and Teamsters Local No. 486 at 34).

16.    That the provisions referred to in said statement are:

> The Pepsi Bottling Group Hourly Pension Plan ("Hourly Plan") provisions which
> apply to employees who are represented for collective bargaining purposes by the
> International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers
> of America Local Union No. 486, and who are employed at the Saginaw,
> Michigan location, are as follows. . . .

(Ex. B at 32).

17.     That the provisions referred to further describe the types and eligibility

requirements for the benefits provided under the Hourly Pension Plan:

| | |
|---|---|
| **Normal Retirement:** | Age 62 and the completion of 5 years of service. |
| **Early Retirement:** | Ages 55 to 62 and the completion of 10 years of service.  There is four percent (4%) annual reduction factor applied to the benefit payable for each year prior to age 62 that the benefit commences. |
| **Disability Retirement:** | Completion of 10 years of service and in receipt of a Social Security Disability award.  The benefit is payable in an unreduced amount 6 months following the date of disability based on credited service up to 6 months following the date of disability.  The benefit is payable only until recovery from disability or death. |
| **Deferred Vested:** | Completion of 5 years of service, but have not met the age and service criteria for early or normal retirement.  The benefit is payable at age 62 or can commence as early as age 55 in an actuarially reduced amount. |

(Ex. B at 33).

18.     That on or about April 16, 2010, Plaintiff submitted a letter to Defendant

requesting disability retirement benefits from Defendants pursuant to the above

provisions of the collective bargaining agreement.

19.     That on or about May 24, 2010, Defendants responded to Plaintiff's letter.

20.     That Defendants specifically considered Plaintiff's April 16, 2010 letter as

a request for benefits under the Employee Retirement Income Security Act of 1974.

21.     That Defendants denied Plaintiff's claim on the basis that Plaintiff had not

yet attained the age of fifty-five (55).

22.     That on or about June 2010, Plaintiff filed an appeal for disability retirement benefits under the collective bargaining agreement and Hourly Pension Plan.

23.     That on or about July 15, 2010, Defendants responded, upholding Defendant's initial denial.

24.     That Plaintiff timely appealed Defendants' July 15, 2010 denial to Defendants' Pension Administration Committee.

25.     That on or about December 7, 2010, Plaintiff submitted several documents including: (1) a Social Security Administration Disability Award effective December 24, 2006; (2) a TS Entitlement Status document reflecting the amount of Social Security payments effective December 24, 2006; (3) a letter from Plaintiff's treating orthopedic surgeon, Mark Adams, M.D., dated February 5, 2008; and (4) a record from the Social Security Administration showing that his award of disability continued to be in effect.

26.     That in September 2011, Plaintiff contacted Defendants' Savings and Retirement Center at Fidelity inquiring about the eligibility requirements for disability retirement benefits.

27.     That Defendants responded to Plaintiff's inquiry in a letter dated September 16, 2011.

28.     That Defendants again failed to provide Plaintiff with the disability retirement benefits, claiming that Plaintiff was not entitled to commence a disability retirement until Plaintiff reached the age of fifty-five (55) years of age.

29.     That on or about September 20, 2011, Plaintiff resubmitted several

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

documents and corrected several of Defendants' factual recitations, including that Plaintiff had left employment on a leave of absence as opposed to taking Workers' Compensation benefits.

30.     That on or about September 20, 2011, Defendants responded to Plaintiff's letter and changed its rationale for denying Plaintiff disability retirement benefits.

31.     That in its September 20, 2011 letter, Defendants denied Plaintiff eligibility for said benefits, because he was not employed prior to January 1, 1993, when Defendants adopted certain Long Term Disability provisions.

32.     That on or about September 22, 2011, Plaintiff submitted a letter to Defendants directly referencing his entitlement to disability retirement benefits pursuant to the collective bargaining agreement quoted above.

33.     That on or about December 21, 2011, Defendants responded to Plaintiff's letter again denying Plaintiff's claim for benefits and informing him that he had exhausted all of the available administrative remedies.

34.     That Defendants made a promise and an agreement to execute the Hourly Pension Plan in a manner consistent with the provisions describing the available benefits in the collective bargaining agreement quoted above.  (Ex. B at 34)

35.     That more specifically, Defendants promised and agreed to execute the Hourly Pension Plan in a manner consistent with the description of the "Disability Retirement," as requiring completion of ten (10) years of service and receipt of a Social Security Administration award of disability.  (Ex. B at 33).

36.     That Defendants broke said promises and agreements by denying Plaintiff

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

disability retirement benefits.

37.     That Defendants' denial of disability retirement benefits constitutes a breach of the collective bargaining agreement.

38.     That the breaking of such promises and the breaching of the collective bargaining agreement constitutes a violation of the Labor Management Relations Act. *Int'l Union, United Auto., Aerospace & Agricultural Workers of America v. Loral Corp.*, 107 F.3d 11, *1 (6th Cir. 1997).

39.     That Defendants breached the above collective bargaining agreement in violation of the Labor Management Relations Act.

40.     That Defendants violated the Employee Retirement Income Security Act by denying Plaintiff disability retirement benefits he was entitled to under the provisions of the Hourly Pension Plan documents and the collective bargaining agreement.

41.     That Plaintiff claims as a direct and proximate result of Defendants' violations of the Labor Management Relations Act and the Employee Retirement Income Security Act that he is entitled to the following damages:

> a.     Monetary damages for the disability retirement benefits due Plaintiff under the terms of the Hourly Pension Plan and collective bargaining agreement from the date of his request for benefits to present;
>
> b.     Interest on said monetary damages;
>
> c.     Declaratory judgment pursuant to 28 U.S.C. § 2201(a) and injunctive relief providing that Plaintiff is entitled to future disability retirement benefits until the date of recovery from the disability or death as provided in the collective bargaining agreement; and

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

d.      Reasonable attorney's fees and costs pursuant to 29 U.S.C. §
1132(g)(1).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter

judgment in Plaintiff's favor for the above listed damages as well as any other legal or

equitable relief this Court deems just.

## COUNT I – VIOLATIONS OF THE LABOR MANAGEMENT RELATIONS ACT

42.     That Plaintiff incorporates by reference the allegations contained in

paragraphs 1 through 41 of his Common Allegations, word for word and paragraph for

paragraph, as if fully restated herein.

43.     That Section 301(a) of the Labor Management Relations Act provides:

Suits for violations of contracts between an employer and a labor
organization representing employees in an industry affecting commerce as
defined in this chapter, or between any such labor organizations may be
brought in any district court of the United States having jurisdiction of the
parties, without respect to the amount in controversy or without regard to
the citizenship of the parties.

29 U.S.C. § 185(a).

44.     That the above statute authorizes an employee to bring suit against an

employer for a breach of a collective bargaining agreement.  *See*, *e.g.*, *DelCostello v.*

*International Broth. of Teamsters*, 462 U.S. 151, 163 (1983).

45.     That the PBG Hourly Pension Plan Retirement Benefits Book for 2009

specifically provides:

The eligibility of employees represented by a union for the benefits
described in this book is subject to negotiation between PBG and the
applicable union.

(Ex. A at 29).

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

46.     That the PBG Hourly Pension Plan Retirement Benefits Book for 2009 is a summary plan description.

47.     That the PBG Hourly Pension Plan 2009 Restatement is silent regarding the applicability of collective bargaining agreements.

48.     That pursuant to Sixth Circuit controlling precedent, the summary plan description is binding on Defendants, especially in light of the omission of reference to the collective bargaining agreement in the Plan restatement.  *See Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988); *see also Helwig v. Kelsey-Hayes Co.*, 857 F. Supp. 1168, 1175 (E.D. Mich. 1994).

49.     That in the collective bargaining agreement applicable to Plaintiff, Defendants promised and agreed to execute the Hourly Pension Plan in a manner consistent with the provisions of the collective bargaining agreement:

> It is understood and agreed that the Employer has the sole and exclusive right to amend its present pension plan and execute the legal text of such plan without question by the Union, so that such text is consistent with those provision as outlined above.

(Ex. B at 34).

50.     That the provisions referred to are as follows:

> The Pepsi Bottling Group Hourly Pension Plan ("Hourly Plan") provisions which apply to employees who are represented for collective bargaining purposes by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Local Union No. 486, and who are employed at the Saginaw, Michigan location, are as follows. . . .

(Ex. B at 32).

51.     That the provisions referred the eligibility for a disability retirement as

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

follows:

> Completion of 10 years of service and in receipt of a Social Security Disability award.  The benefit is payable in an unreduced amount 6 months following the date of disability based on credited service up to 6 months following the date of disability.  The benefit is payable only until recovery from disability or death.

(Ex. B at 33).

52.     That Defendants through the above language of the collective bargaining agreement promised and agreed to execute the Hourly Pension Plan consistent with the above provisions.

53.     That Plaintiff satisfied the requirements for disability retirement benefits as set forth in the collective bargaining agreement.

54.     That Plaintiff was a member of the Teamsters Local Union No. 486.

55.     That Plaintiff had completed ten (10) years of service with Defendant BOTTLING GROUP, LLC.

56.     That the Social Security Administration found Plaintiff disabled and entitled to monthly disability benefits beginning in June 2007, with an onset date of December 24, 2006.

57.     That Plaintiff applied for and Defendants denied Plaintiff disability retirement benefits.

58.     That Defendants executed the Hourly Pension Plan in a manner that was inconsistent with the above quoted provisions of the collective bargaining agreement.

59.     That Defendants broke its promise to execute the Hourly Pension Plan in a manner that was consistent with the above quoted provisions of the collective bargaining

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

agreement.

60.     That Defendants denial of disability retirement benefits to Plaintiff constitutes a breach of the collective bargaining agreement.

61.     That the breaking of such promises and breaching the collective bargaining agreement constitutes a violation of the Labor Management Relations Act.  *Loral Corp.*, *supra* at *1.

62.     That Defendants breached the above collective bargaining agreement in violation of the Labor Management Relations Act.

63.     That Plaintiff claims as a direct and proximate result of Defendants' violations of the Labor Management Relations Act that he is entitled to the following damages:

a.     Monetary damages for the disability retirement benefits due Plaintiff under the terms of the Hourly Pension Plan and collective bargaining agreement from the date of his request for benefits to present;

b.     Interest on said monetary damages; and

c.     Declaratory judgment pursuant to 28 U.S.C. § 2201(a)  and injunctive relief providing that Plaintiff is entitled to future disability retirement benefits until the date of recovery from the disability or death as provided in the collective bargaining agreement.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor for the above listed damages as well as any other legal or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

## COUNT II – VIOLATIONS OF THE EMPLOYEE
## RETIREMENT INCOME SECURITY ACT

64.     That Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41 of his Common Allegations and paragraphs 42 through 63 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

65.     That the Employee Retirement Income Security Act provides that a participant or beneficiary may bring a cause of action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B).

66.     That according to the PBG Hourly Pension Plan Retirement Benefits Book for 2009, the eligibility of employees represented by a union for the benefits described in the Hourly Pension Plan is subject to negotiation between PBG and the applicable union. (Ex. B at 29).

67.     That the PBG Hourly Pension Plan Retirement Benefits Book for 2009 is a summary plan description.

68.     That the PBG Hourly Pension Plan 2009 Restatement is silent regarding the applicability of collective bargaining agreements.

69.     That pursuant to Sixth Circuit controlling precedent, the summary plan description is binding on Defendants, especially in light of the omission of reference to the collective bargaining agreement in the Plan restatement.  *See Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988); *see also Helwig v. Kelsey-Hayes Co.*, 857 F. Supp. 1168, 1175 (E.D. Mich. 1994).

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

70.     That in the collective bargaining agreement applicable to Plaintiff, Defendants promised and agreed to execute the Hourly Pension Plan in a manner consistent with the provisions of the collective bargaining agreement:

It is understood and agreed that the Employer has the sole and exclusive right to amend its present pension plan and execute the legal text of such plan without question by the Union, so that such text is consistent with those provision as outlined above.

(Ex. B at 34).

71.     That the provisions referred to are as follows:

The Pepsi Bottling Group Hourly Pension Plan ("Hourly Plan") provisions which apply to employees who are represented for collective bargaining purposes by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Local Union No. 486, and who are employed at the Saginaw, Michigan location, are as follows. . . .

(Ex. B at 32).

72.     That the provisions referred the eligibility for a disability retirement as follows:

Completion of 10 years of service and in receipt of a Social Security Disability award.  The benefit is payable in an unreduced amount 6 months following the date of disability based on credited service up to 6 months following the date of disability.  The benefit is payable only until recovery from disability or death.

(Ex. B at 33).

73.     That Defendants, through the above language of the collective bargaining agreement, promised and agreed to execute the Hourly Pension Plan consistent with the above provisions.

74.     That Plaintiff satisfied the requirements for disability retirement benefits as

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

set forth in the collective bargaining agreement.

75.     That Plaintiff was a member of the Teamsters Local Union No. 486.

76.     That Plaintiff had completed ten (10) years of service with Defendant BOTTLING GROUP, LLC.

77.     That the Social Security Administration found Plaintiff disabled and entitled to monthly disability benefits beginning in June 2007, with an onset date of December 24, 2006.

78.     That Plaintiff requested disability retirement benefits from Defendants.

79.     That Plaintiff was due disability retirement benefits under the terms of Defendants' Hourly Pension Plan and the applicable collective bargaining agreement.

80.     That Plaintiff is entitled to future disability retirement benefits under the terms of Defendants' Hourly Pensions Plan and the applicable collective bargaining agreement until the date that he recovers from his disability or until death.

81.     That Defendants' denied Plaintiff the disability retirement benefits due to him.

82.     That Defendants' denial of said benefits to Plaintiff was arbitrary and capricious.

83.     That Defendants' denial of said benefits to Plaintiff violated the terms of Defendants' Hourly Pension Plan and the applicable collective bargaining agreement.

84.     That Defendants' denial of said benefits violates the Employee Retirement Income Security Act.

85.     That Plaintiff claims as a direct and proximate result of Defendants'

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

violations of the Labor Management Relations Act and the Employee Retirement Income

Security Act that he is entitled to the following damages:

a.  Monetary damages for the disability retirement benefits due Plaintiff under the terms of the Hourly Pension Plan and collective bargaining agreement from the date of his request for benefits to present;

b.  Interest on said monetary damages;

c.  Declaratory judgment pursuant to 28 U.S.C. § 2201(a) and injunctive relief providing that Plaintiff is entitled to future disability retirement benefits until the date of recovery from the disability or death as provided in the collective bargaining agreement; and

d.  Reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter

judgment in Plaintiff's favor for the above listed damages as well as any other legal or

equitable relief this Court deems just.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: November 13, 2012          s/Victor J. Mastromarco, Jr._____
                                  VICTOR J. MASTROMARCO, JR. (P34564)
                                  Attorneys for Plaintiff
                                  1024 N. Michigan Avenue
                                  Saginaw, Michigan 48602
                                  (989) 752-1414
                                  vmastromar@aol.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, GREG PRICE, by and through his attorneys, THE

MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues,

unless otherwise expressly waived.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: <u>November 13, 2012</u>          s/Victor J. Mastromarco, Jr._____
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

## <u>DEMAND FOR PRE-TRIAL CONFERENCE</u>

NOW COMES Plaintiff, GREG PRICE, by and through his attorneys, THE

MASTROMARCO FIRM, and hereby demands a pre-trial conference pursuant to the

Court Rules.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: <u>November 13, 2012</u>          s/Victor J. Mastromarco, Jr._____
                                        VICTOR J. MASTROMARCO, JR. (P34564)
                                        Attorneys for Plaintiff
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        vmastromar@aol.com

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414